CITY OF BILLINGS, CITY OF BISMARCK,
DANE COUNTY, FLATHEAD MUNICIPAL
AIRPORT AUTHORITY, GREATER
ASHEVILLE REGIONAL AIRPORT
AUTHORITY, CITY AND BOROUGH
OF JUNEAU, MASSACHUSETTS PORT
AUTHORITY, METROPOLITAN AIRPORTS
COMMISSION, OKLAHOMA CITY AIRPORT
TRUST, CITY OF PHILADELPHIA,
RALEIGH DURHAM AIRPORT AUTHORITY,
CITY OF SAN JOSE, SPOKANE AIRPORT
BOARD, and AIRPORTS COUNCIL
INTERNATIONAL – NORTH AMERICA,

> Petitioners,

v.

TRANSPORTATION SECURITY
ADMINISTRATION and
DAVID P. PEKOSKE, ADMINISTRATOR,

> Respondents.

Case No. 23- 1290

**JOINT PETITION FOR REVIEW**

Pursuant to 49 U.S.C. § 46110 and Rule 15(a) of the Federal Rules of

Appellate Procedure, the thirteen (13) individually named airport operators

(identified in the Corporate Disclosure Statements beginning on page 5) and the

Airports Council International – North America ("ACI-NA") acting in a

representational capacity on behalf of all of its members (collectively, the "Airport Petitioners"), petition this Court for review of final agency action by the Administrator of the Transportation Security Administration ("TSA").[1]  The Airport Petitioners are aggrieved by the "Airport Security Program National Amendment, TSA-NA-23-02, Aviation Worker Screening" (the "Worker Screening Amendment") mandated by the TSA.  The Airport Petitioners filed timely petitions for reconsideration of the Worker Screening Amendment, all of which were denied by the Administrator.

On or about April 27, 2023, TSA issued the final Worker Screening Amendment, TSA-NA-23-02, which purports to shift TSA's responsibility for conducting enhanced security screenings of aviation workers to individual airports. Upon information and belief, TSA issued the Worker Screening Amendment in essentially the same form to each affected airport operator.  A representative copy of the Worker Screening Amendment is attached to this Petition as Exhibit A.[2]

---

[1]  The thirteen (13) individually-named airport operators petitioning for review are City of Billings (Montana), City of Bismarck (North Dakota), Dane County (Wisconsin), Flathead Municipal Airport Authority (Montana), Greater Asheville Regional Airport Authority (North Carolina), City and Borough of Juneau (Alaska), Massachusetts Port Authority, Metropolitan Airports Commission (Minneapolis-St. Paul, Minnesota), Oklahoma City Airport Trust, City of Philadelphia (Pennsylvania), Raleigh Durham Airport Authority (North Carolina), City of San Jose (California), Spokane Airport Board (Washington).

[2]  TSA has designated the Worker Screening Amendment as containing Sensitive Security Information that is controlled under 49 C.F.R. 1540.  **For this**

The Airport Petitioners understand that 59 airport operators plus ACI-NA filed petitions for reconsideration of the Worker Screening Amendment under 49 C.F.R. § 1542.105.  Beginning on August 24, 2023, the Administrator began denying the petitions for reconsideration and, upon information and belief, the Administrator has denied all 60 petitions and affirmed the Worker Screening Amendment.  One example of a petition for reconsideration (the petition filed by the Massachusetts Port Authority ("Massport")) is attached to this Petition as Exhibit B.[3]  The Administrator's final agency action denying that petition for reconsideration, which is representative of the Administrator's denials to other airports, is attached to this Petition as Exhibit C.[4]

Safety and security are the Airport Petitioners' highest priority.  The Worker Screening Amendment, however, would leave the task of implementing aviation worker security screening—including the hiring, training, management, and compensation of security personnel—to 173 individual airports across the country

---

**reason, Exhibit A has been filed under seal.**  No Sensitive Security Information is included in the public version of this Petition.

[3]      Massport designated its petition for reconsideration as containing Sensitive Security Information that is controlled under 49 C.F.R. 1540.  **For this reason, Exhibit B has been filed under seal.**  No Sensitive Security Information is included in the public version of this Petition.

[4]      TSA has informed undersigned counsel that its denial letter may contain Sensitive Security Information.  **For this reason, Exhibit C has been filed under seal.**  No Sensitive Security Information is included in the public version of this Petition.

or their private security contractors, replacing a professional, federal security force with a fragmented civilian force that lacks the authority of the federal government. This in turn risks the creation of an unstandardized and decentralized aviation worker screening system with varying levels of security at every airport. This is precisely the situation that the TSA was created to remedy in the wake of September 11th, 2001.

The Worker Screening Amendment is an abdication of TSA's core security responsibilities. The Amendment is contrary to law because it mandates that local airport operators assume a responsibility that Congress assigned to TSA in the Aviation and Transportation Security Act ("ATSA"), 49 U.S.C. §§ 44901 *et seq.*, and in the FAA Extension, Safety, and Security Act of 2016 ("2016 Security Act"). Public Law 114-190, § 3407(a)(3). The Worker Screening Amendment also commandeers local public officials to enforce federal regulations in violation of the Tenth Amendment of the U.S. Constitution and imposes an unacceptable risk of liability on airport operators.

In addition, the Worker Screening Amendment is arbitrary and capricious because it fails to provide adequate justification for shifting TSA's responsibilities to airport operators, and fails to address concerns raised by the airport industry that the Amendment risks degrading security. Furthermore, the TSA promulgated the Worker Screening Amendment in violation of the rulemaking requirements of the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, which requires public notice and comment, not simply notice to the industry.

The Airport Petitioners seek review under 49 U.S.C. § 46110(a) of the Administrator's final agency action affirming the Worker Screening Amendment for each named petitioner. Section 46110(a) provides this Court with jurisdiction and venue. With ACI-NA's participation, the Airport Petitioners represent most, if not all, of the 173 affected airports, including most, if not all, of the 59 airports that, upon information and belief, filed petitions for reconsideration and therefore have a substantial interest in this Petition. The Petition is timely filed within 60 days of TSA's final agency action.

## RULE 26.1 CORPORATE DISCLOSURE STATEMENTS

Airports Council International – North America is a non-profit "trade association" within the meaning of Circuit Rule 26.1 which represents the state, regional and local governmental bodies that own and operate the principal airports served by scheduled airlines in the United States. ACI-NA has no parent company, it is not publicly-traded, and no publicly-traded company owns 10 percent or more of ACI-NA's stock.

The City of Billings, which operates Billings Logan International Airport, is a political subdivision of the State of Montana. Because the City of Billings is not

a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

The City of Bismarck, which operates Bismarck Municipal Airport, is a political subdivision of the State of North Dakota. Because the City of Bismarck is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

Dane County, which operates Dane County Regional Airport, is a political subdivision of the State of Wisconsin. Because Dane County is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

The Flathead Municipal Airport Authority, which operates Glacier Park International Airport, is a public authority organized under the laws of the State of Montana. Because the Flathead Municipal Airport Authority is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

The Greater Asheville Regional Airport Authority, which operates Asheville Regional Airport, is a public authority organized under North Carolina Session Law 2012-121. Because the Greater Asheville Regional Airport Authority is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1

The City and Borough of Juneau, which operates Juneau International Airport, is a political subdivision of the State of Alaska. Because the City and Borough of Juneau is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

The Massachusetts Port Authority, which operates Boston-Logan International Airport, is a public authority organized under Mass. St. 1956, c. 465. Because the Massachusetts Port Authority is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

The Metropolitan Airports Commission, which operates Minneapolis-St. Paul International Airport, is a political subdivision of the State of Minnesota organized under Minn. Stat. § 473.603.  Because the Metropolitan Airports Commission is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

The Oklahoma City Airport Trust, which operates Will Rogers World Airport, is a public trust organized under the laws of the State of Oklahoma. Because the Oklahoma City Airport Trust is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

The City of Philadelphia, which operates Philadelphia International Airport, is a political subdivision of the Commonwealth of Pennsylvania. Because the City of Philadelphia is not a nongovernmental corporate entity, it is not required to file a disclosure statement pursuant to Fed. R. App. P. 26.1.

The Raleigh-Durham Airport Authority, which operates Raleigh-Durham International Airport, is a local government organized under the laws of North Carolina. Because the Raleigh-Durham Airport Authority is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

The City of San Jose, which operates San Jose Mineta International Airport, is a political subdivision of the State of California. Because the City of San Jose is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. 26.1.

The Spokane Airport Board, which operates Spokane International Airport, is a public authority organized under the laws of the State of Washington. Because the Spokane Airport Board is not a nongovernmental corporate entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. 26.1.

THE AIRPORT PETITIONERS,

By their attorneys,


*/s/ Melissa C. Allison*
Melissa C. Allison (No. 64638)
David S. Mackey (*application for admission pending*)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
T: 617.594.5940
dmackey@andersonkreiger.com
mallison@andersonkreiger.com

October 20, 2023

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this Petition for Review has been served on

the respondents at the following addresses by overnight courier and by email:

Hon. David P. Pekoske, Administrator
Transportation Security Administration
601 South 12th Street
Arlington, VA  20598-6020
David.pekoske@tsa.dhs.gov

Francine Kerner, Chief Counsel
Transportation Security Administration
601 South 12th Street
Arlington, VA 20598-6020
francine.kerner@tsa.dhs.gov

/s/ Melissa C. Allison
Melissa C. Allison
*Counsel for the Airport Petitioners*