~~SENSITIVE SECURITY INFORMATION / UNDER SEAL~~

**ORAL ARGUMENT NOT YET SCHEDULED**

No. 23-1290
Consolidated with No. 23-1328

---

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

CITY OF BILLINGS, CITY OF BISMARCK, CITY OF COLORADO SPRINGS, DANE COUNTY, FLATHEAD MUNICIPAL AIRPORT AUTHORITY, GREATER ASHEVILLE REGIONAL AIRPORT AUTHORITY, CITY AND BOROUGH OF JUNEAU, MASSACHUSETTS PORT AUTHORITY, METROPOLITAN AIRPORTS COMMISSION, MILWAUKEE COUNTY, OKLAHOMA CITY AIRPORT TRUST, CITY OF PHILADELPHIA, RALEIGH DURHAM AIRPORT AUTHORITY, CITY OF SAN JOSE, SPOKANE AIRPORT BOARD, and AIRPORTS COUNCIL INTERNATIONAL – NORTH AMERICA
*Petitioners,*

v.

TRANSPORTATION SECURITY ADMINISTRATION AND DAVID P. PEKOSKE, ADMINISTRATOR,
*Respondents.*

---

ON PETITION FOR REVIEW OF A DECISION
OF THE TRANSPORTATION SECURITY ADMINISTRATION

---

## MOTION BY PETITIONERS CITY OF BILLINGS *ET AL.* TO STRIKE DECLARATION OF MICHAEL TURNER

Melissa C. Allison
David S. Mackey
Carlos R. Rosende
Anderson & Kreiger LLP
50 Milk Street, 21st Floor
Boston, MA 02109
mallison@andersonkreiger.com
dmackey@andersonkreiger.com
crosende@andersonkreiger.com
T: 617.594.5940

*Counsel for Petitioners*

April 29, 2024

**SUBJECT TO PROTECTIVE ORDER IN**
**City of Billings v. TSA, Nos. 23-1290, 1328 (D.C. Cir.)**
~~WARNING: THIS RECORD CONTAINS SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PARTS 15 AND 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A "NEED TO KNOW", AS DEFINED IN 49 CFR PARTS 15 AND 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION OR THE SECRETARY OF TRANSPORTATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. FOR U.S. GOVERNMENT AGENCIES, PUBLIC DISCLOSURE IS GOVERNED BY 5 U.S.C. 552 AND 49 CFR PARTS 15 AND 1520.~~

Pursuant to Federal Rule of Appellate Procedure 27(a), petitioners City of Billings *et al.* ("Petitioners"), move this Court for an order striking the Declaration of Michael Turner (the "Declaration"), attached as the Addendum to the Opposition to Petitioners' Motion for Stay Pending Review (the "Opposition") filed by Respondents Transportation Security Administration *et al.* ("TSA").

As grounds for this motion, Petitioners state as follows:

1. Federal Rule of Appellate Procedure 27(a)(2)(B)(ii) states, with respect to documents accompanying a motion, that "[a]n affidavit must contain only factual information, *not legal argument*" (emphasis added). *E.g., Sloan v. Urban Title Services, Inc.*, 689 F. Supp. 2d 94, 99 n.3 (D.D.C. 2010) (parties "may not incorporate legal arguments made in other pleadings by reference, but must provide all relevant legal authority and argument in the operative motion").

2. Paragraphs 4 through 17 (pp. 2-11) of the Declaration are captioned "Airport Security-Statutory and Regulatory Background," and reflect, as the caption suggests, TSA's one-sided view of the legal background justifying the National Amendment. *E.g.*, Declaration at p. 3 (arguing "[t]he fulfillment of ATSA requirements is shared by TSA and aviation stakeholders"). The

**SUBJECT TO PROTECTIVE ORDER IN**
**City of Billings v. TSA, Nos. 23-1290, 1328 (D.C. Cir.)**
WARNING: THIS RECORD CONTAINS SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PARTS 15 AND 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A "NEED TO KNOW", AS DEFINED IN 49 CFR PARTS 15 AND 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION OR THE SECRETARY OF TRANSPORTATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. FOR U.S. GOVERNMENT AGENCIES, PUBLIC DISCLOSURE IS GOVERNED BY 5 U.S.C. 552 AND 49 CFR PARTS 15 AND 1520.

same is true for paragraphs 25 through 33 (pp. 14-18), arguing, for example, that the National Amendment "is not a shift of any existing security requirements away from TSA to airport operators."  Declaration at p. 15. Such legal argument is not "factual information" as required by Rule 27(a)(2)(B)(ii).  TSA could have included this legal argument in TSA's Opposition to the Petitioners' Motion for Stay if doing so were consistent with the 5,200-word limit for oppositions to motions imposed by Rule 27(d)(2)(A).

3. Given that TSA's Opposition already contains 5,198 words, the inclusion of the Declaration seems to be an attempt to circumvent the length limitations imposed by Federal Rule of Appellate Procedure 27(d)(2)(A) and should be stricken.  *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) (the court "ordinarily reject[s] a party's attempt to evade" word limits).

4. Paragraphs 18 through 24 (pp. 11-14) of the Declaration are inappropriate for an independent reason.  They contain information regarding the "Insider Threat," but the only source of information on that issue should be the administrative record itself, not this Declaration, submitted by TSA long after the rulemaking concluded, which seeks to bolster the justification for

**SUBJECT TO PROTECTIVE ORDER IN**
**City of Billings v. TSA, Nos. 23-1290, 1328 (D.C. Cir.)**
WARNING: THIS RECORD CONTAINS SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PARTS 15 AND 1520.  NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A "NEED TO KNOW", AS DEFINED IN 49 CFR PARTS 15 AND 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION OR THE SECRETARY OF TRANSPORTATION.  UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION.  FOR U.S. GOVERNMENT AGENCIES, PUBLIC DISCLOSURE IS GOVERNED BY 5 U.S.C. 552 AND 49 CFR PARTS 15 AND 1520.

the National Amendment. *See, e.g., Dep't of Comm. v. New York*, 139 S.Ct. 2551, 2573 (2019) ("in reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record"); *State of Delaware Dep't of National Resources and Envt'l Control v. U.S. Army Corps of Engineers*, 722 F. Supp. 2d 535, 542 (D. Del. 2010) ("the focus of APA review is, of course, the administrative record that existed at the time of the challenged agency action.").

WHEREFORE, the Petitioners request that the Court grant this motion and strike the Declaration of Michael Turner in its entirety.

The Airport Petitioners,

By their attorneys,

/s/ *David S. Mackey*
David S. Mackey
Melissa C. Allison
Carlos R. Rosende
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
T: 617.594.5940
dmackey@andersonkreiger.com
mallison@andersonkreiger.com
April 29, 2024                    crosende@andersonkreiger.com

**SUBJECT TO PROTECTIVE ORDER IN**
**City of Billings v. TSA, Nos. 23-1290, 1328 (D.C. Cir.)**
WARNING: THIS RECORD CONTAINS SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PARTS 15 AND 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A "NEED TO KNOW", AS DEFINED IN 49 CFR PARTS 15 AND 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION OR THE SECRETARY OF TRANSPORTATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. FOR U.S. GOVERNMENT AGENCIES, PUBLIC DISCLOSURE IS GOVERNED BY 5 U.S.C. 552 AND 49 CFR PARTS 15 AND 1520.

SENSITIVE SECURITY INFORMATION / UNDER SEAL

## CERTIFICATE OF COMPLIANCE

1.     This motion complies with the type-volume requirements of Federal Rules of Appellate Procedure 27(d)(2)(A) and Circuit Rule 27(a)(2) because the motion contains 484 words, as determined by the word-count function of Microsoft Word 365; and

2.     This motion complies with the typeface requirements of the Federal Rules of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

Dated: April 29, 2024

/s/ *David S. Mackey*
David S. Mackey
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
T: 617.594.5940
dmackey@andersonkreiger.com

**SUBJECT TO PROTECTIVE ORDER IN**
**City of Billings v. TSA, Nos. 23-1290, 1328 (D.C. Cir.)**
WARNING: THIS RECORD CONTAINS SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PARTS 15 AND 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A "NEED TO KNOW", AS DEFINED IN 49 CFR PARTS 15 AND 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION OR THE SECRETARY OF TRANSPORTATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. FOR U.S. GOVERNMENT AGENCIES, PUBLIC DISCLOSURE IS GOVERNED BY 5 U.S.C. 552 AND 49 CFR PARTS 15 AND 1520.

SENSITIVE SECURITY INFORMATION / UNDER SEAL

## CERTIFICATE OF SERVICE

I hereby certify on April 29, 2024, I caused a true and correct copy of this motion to be served on Respondents by electronic mail.

/s/  David S. Mackey
David S. Mackey

April 29, 2024

**SUBJECT TO PROTECTIVE ORDER IN**
**City of Billings v. TSA, Nos. 23-1290, 1328 (D.C. Cir.)**
WARNING: THIS RECORD CONTAINS SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PARTS 15 AND 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A "NEED TO KNOW", AS DEFINED IN 49 CFR PARTS 15 AND 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION OR THE SECRETARY OF TRANSPORTATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. FOR U.S. GOVERNMENT AGENCIES, PUBLIC DISCLOSURE IS GOVERNED BY 5 U.S.C. 552 AND 49 CFR PARTS 15 AND 1520.