No. 23-1290
Consolidated with No. 23-1328

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

CITY OF BILLINGS, CITY OF BISMARCK, CITY OF COLORADO SPRINGS, DANE COUNTY, FLATHEAD MUNICIPAL AIRPORT AUTHORITY, GREATER ASHEVILLE REGIONAL AIRPORT AUTHORITY, CITY AND BOROUGH OF JUNEAU, MASSACHUSETTS PORT AUTHORITY, METROPOLITAN AIRPORTS COMMISSION, MILWAUKEE COUNTY, OKLAHOMA CITY AIRPORT TRUST, CITY OF PHILADELPHIA, RALEIGH DURHAM AIRPORT AUTHORITY, CITY OF SAN JOSE, SPOKANE AIRPORT BOARD, and AIRPORTS COUNCIL INTERNATIONAL – NORTH AMERICA
*Petitioners,*

v.

TRANSPORTATION SECURITY ADMINISTRATION AND HA NGUYEN MCNEILL, ACTING ADMINISTRATOR,
*Respondents.*

ON PETITION FOR REVIEW OF A DECISION
OF THE TRANSPORTATION SECURITY ADMINISTRATION

## PETITIONERS' CITY OF BILLINGS ET AL. OPPOSITION TO GOVERNMENT'S MOTION FOR A STAY OF THE STATUS REPORT DEADLINE IN LIGHT OF A LAPSE IN APPROPRIATIONS

Melissa C. Allison
David S. Mackey
Carlos R. Rosende
Anderson & Kreiger LLP
50 Milk Street, 21st Floor
Boston, MA 02109
mallison@andersonkreiger.com
dmackey@andersonkreiger.com
crosende@andersonkreiger.com
T: 617.621-6500

*Counsel for Petitioners*

October 15, 2025

# I.      INTRODUCTION

The City of Billings *et al*. ("the Airport Petitioners") hereby submit this opposition to the "Government's Motion for a Stay of the Status Report Deadline in Light of a Lapse in Appropriations."[1]

1)      On August 22, 2025, more than a month before the lapse in funding of the Department of Justice, this Court ruled that the Transportation Security Administration ("TSA") had violated the Administrative Procedures Act, 5 U.S.C. § 553(b)(1), by skipping the required public notice-and-comment process in connection with the Aviation Worker Screening National Amendment TSA-NA-23-02 ("National Amendment").  *City of Billings v. Transportation Security Administration*, __ F.4th __, 2025 WL 2422907 (Aug. 22, 2025).  As a result, the Court vacated the National Amendment.  *Id*. at *5.

2)      Nonetheless, because this Court perceived that TSA had "significant concerns about the risks to aviation security absent the screening requirement established by the rule," *id*. at *6, it withheld issuance of the mandate for an indeterminate period of time, until TSA either engaged in an APA-compliant rule-making process or abandoned the National Amendment.  *Id*.  The Court also

---

[1] The City and Borough of Juneau, Alaska has declined to join in this opposition to the Government's Motion for a Stay.

ordered the TSA to submit status reports on its rule-making process every sixty days. *Id*. The first such report is due October 21, 2025.

3) On October 2, 2025, the Airport Petitioners filed their Petition for Panel Rehearing. The Airport Petitioners argued that the withholding of the mandate for an unlimited period of time was not only unsupported by the Court's cited precedents, but also unfair to the Airport Petitioners who continue to be subject to the extraordinary financial burdens and liability risks of an agency rule which the Court has declared invalid. In addition, the Airport Petitioners noted that they remain subject to upcoming deadlines for the purchase and use of Explosives Detection Screening Equipment ("EDSE") – deadlines with which they must comply even though TSA has imposed them unlawfully.

4) The Petition for Panel Rehearing therefore requests that this Court amend its opinion so that the mandate issues no later than 180 days after a ruling on the Petition, and that the Court stay the deadline for implementation of the National Amendment's EDSE requirements, and order that any ESDE requirements under any new rule not take effect until at least 180 days after any new rulemaking process is complete.

5) The Department of Justice's ("DOJ's") funding lapsed on September 30, 2025. As a result, DOJ claims that as long as its lapse in appropriations continues, it cannot comply on TSA's behalf with the only deadline imposed on

2

TSA by the Court, that it issue a status report on its progress on an APA-compliant rulemaking process by October 21, 2025. If the Court stays TSA's deadline, then not only will the Airport Petitioners have to continue to incur, for an indefinite period of time, the costs and risks associated with an unlawful rule, but TSA will be excused, again for a similarly indefinite period of time, of even informing the Airport Petitioners or the Court of its plans to address its unlawful rulemaking.

6) In support of its motion, DOJ cites 31 U.S.C. § 1342, "Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances." However, DOJ may continue working on this case if "authorized by law." 31 U.S.C. § 1341(a)(1)(B). DOJ interprets these provisions to require DOJ attorneys to request a stay of ongoing litigation obligations, but also to require compliance with a court's order for the case to continue as such an order "constitute[s] express legal authorization for the activity to continue." U.S. Department of Justice FY 2026 Contingency Plan, at 3 (Sept. 29, 2025) ("DOJ Contingency Plan") at 3, *available at* https://perma.cc/UNK2-F7SE.

7) This Court has consistently denied government motions to stay during previous lapses in appropriations—and the government has subsequently participated in those cases during the ongoing shutdowns. *See, e.g.*, *Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (collecting cases involving denial of government motions to stay

during lapses in appropriations and noting "[s]o far as we have been able to determine, not a single motion seeking a stay was granted during the 2013 shutdown"); *see also People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 912 F.3d 641 (D.C. Cir. 2019); *Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019).

8) All this Court has required of TSA is a status report. DOJ, on TSA's behalf, simply needs to inform the Court how it intends to proceed. DOJ had five weeks to prepare and file the status report before the lapse in appropriations, but failed to do so. Its contention that it cannot complete that process because of the funding lapse is not credible.

WHEREFORE, the Airport Petitioners respectfully request that the Court deny TSA's motion for a stay of the status report deadline, and to order TSA to inform the Court and the Airport Petitioners of its plan to rectify its unlawful rule-making by the deadline initially set by the Court, October 21, 2025.

The City of Billings *et al.*,

By their attorneys,

/s/   *David S. Mackey*
Melissa C. Allison
    mallison@andersonkreiger.com
David S. Mackey
    dmackey@andersonkreiger.com
Carlos R. Rosende
    crosende@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
T: 617.621-6531

October 15, 2025

# CERTIFICATE OF COMPLIANCE

1.      This Opposition complies with the length requirements of Federal Rule of Appellate Procedure 27(d)(2), because the Opposition contains 862 words, as determined by the word-count function of Microsoft Word 365, and is less than 10 pages in length; and

2.      This Opposition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Opposition has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

Dated:  October 15, 2025                    /s/   *David S. Mackey*
                                            David S. Mackey

## CERTIFICATE OF SERVICE

I hereby certify on October 15, 2025, I caused a true and correct copy of this Opposition to be served by email on counsel for respondents.

*/s/   David S. Mackey*
David S. Mackey

October 15, 2025