IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CITY OF BILLINGS, *et al.*,

*Petitioners*,

v.

TRANSPORTATION SECURITY
ADMINISTRATION AND DAVID P.
PEKOSKE, ADMINISTRATOR,

*Respondents*.

No. 23-1290

**RESPONSE TO PETITIONERS' MOTION FOR IMMEDIATE
ISSUANCE OF MANDATE**

Respondents respectfully oppose petitioners' motion for immediate issuance of the mandate.

1. This case concerns a challenge to the Transportation Security Administration's (TSA's) 2023 amendment of airport security programs (the National Amendment). In its August 22, 2025, opinion, this Court held that TSA had failed to comply with the Administrative Procedure Act's (APA's) notice-and-comment procedures, and it vacated the amendment. *City of Billings v. TSA*, 153 F.4th 46, 51-54 (D.C. Cir.

2025).  "In view of the security risks that might come about in the absence of the rule," however, the Court withheld its mandate to give TSA the opportunity to adopt a procedurally sound rule.  *Id.* at 49.  The Court directed TSA to submit status reports at 60-day intervals apprising the Court of its progress.  *Id.* at 54.

2. Petitioners then filed a petition for panel rehearing, in which they asked the Court to issue its mandate within 180 days, citing costs to petitioners if the National Amendment remains in place pending rulemaking.  *Pet. for Reh'g*, No. 23-1290 (D.C. Cir. Oct. 3, 2025).  As the government explained in its response, TSA is moving with appropriate speed to promulgate a procedurally sound rule and issuing the mandate before such rule is in place would create unacceptable risks to airport security.  *Resp. to Pet. for Reh'g*, No. 23-1290 (D.C. Cir. Nov. 19, 2025); *see also id.* at 7-8 (discussing TSA's October 16, 2025, Industry Security Awareness Message, which details TSA's plans to enforce the National Amendment during rulemaking).  The Court denied the petition for panel rehearing on December 3, 2025.  *Order*, No. 23-1290 (D.C. Cir. Dec. 3, 2025).

3. Petitioners now move for immediate issuance of the mandate, making the same arguments they made in their unsuccessful petition for rehearing. Those arguments should again be rejected. Petitioners further argue that the status reports submitted by TSA demonstrate that the agency "has failed to make any progress at all" towards rulemaking, but that is incorrect. Mot. 2. In its first status report, TSA informed the Court that it had determined that it would undertake APA-compliant rulemaking to replace the National Amendment. *Status Report*, No. 23-1290 (D.C. Cir. Oct. 30, 2025). In its second status report, TSA informed the Court that rulemaking had resumed following restoration of appropriations to the agency. *Status Report*, No. 23-1290 (D.C. Cir. Dec. 22, 2025). Nothing in these reports supports petitioners' accusation that TSA is failing to comply with the Court's order or that the agency is purposefully delaying rulemaking to "maintain the status quo." Mot. 3. Consistent with this Court's order, TSA will continue to keep the Court apprised of its progress.

4. For the foregoing reasons, petitioners' motion for immediate issuance of the mandate should be denied.

Respectfully submitted,

SHARON SWINGLE


/s/ *Sarah N. Smith*
SARAH N. SMITH
(202) 305-0173
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Room 7533*
  *Washington, D.C. 20530*

JANUARY 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this response complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Century Schoolbook 14-point, a proportionally spaced font with serifs, and the response complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 461 words, according to the word count of Microsoft Word.

*/s/ Sarah N. Smith*
Sarah N. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Sarah N. Smith*
Sarah N. Smith