No. 23-1290
Consolidated with No. 23-1328

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

CITY OF BILLINGS, CITY OF BISMARCK, CITY OF COLORADO SPRINGS, DANE COUNTY, FLATHEAD MUNICIPAL AIRPORT AUTHORITY, GREATER ASHEVILLE REGIONAL AIRPORT AUTHORITY, CITY AND BOROUGH OF JUNEAU, MASSACHUSETTS PORT AUTHORITY, METROPOLITAN AIRPORTS COMMISSION, MILWAUKEE COUNTY, OKLAHOMA CITY AIRPORT TRUST, CITY OF PHILADELPHIA, RALEIGH DURHAM AIRPORT AUTHORITY, CITY OF SAN JOSE, SPOKANE AIRPORT BOARD, and AIRPORTS COUNCIL INTERNATIONAL – NORTH AMERICA
*Petitioners,*

v.

TRANSPORTATION SECURITY ADMINISTRATION AND HA NGUYEN MCNEILL, ACTING ADMINISTRATOR,
*Respondents.*

ON PETITION FOR REVIEW OF A DECISION
OF THE TRANSPORTATION SECURITY ADMINISTRATION

**PETITIONERS' CITY OF BILLINGS ET AL. RENEWED MOTION FOR IMMEDIATE ISSUANCE OF MANDATE OR, IN THE ALTERNATIVE, AN ORDER SETTING A DEADLINE FOR RULEMAKING**

Melissa C. Allison
David S. Mackey
Carlos R. Rosende
Anderson & Kreiger LLP
50 Milk Street, 21st Floor
Boston, MA 02109
mallison@andersonkreiger.com
dmackey@andersonkreiger.com
crosende@andersonkreiger.com
T: 617.621-6500

*Counsel for Petitioners*

May 11, 2026

The petitioners, the City of Billings *et al*. ("the Airport Petitioners"), submit this renewed request for immediate issuance of the Mandate or, in the alternative, an order setting a deadline for the Transportation Security Administration ("TSA") either to publish a Notice of Proposed Rulemaking or to inform the court that TSA no longer considers it necessary to promulgate a rule.[1]

In its August 22, 2025 decision, this Court vacated the TSA's Aviation Worker Screening National Amendment TSA-NA-23-02 ("National Amendment"), but nonetheless withheld issuance of the Mandate for an indeterminate period of time to allow TSA to cure its procedural failures and comply with the Administrative Procedure Act ("APA"), 5 U.S.C. 553(b)(1). *See City of Billings v. Transportation Security Administration,* 153 F.4th 46 (D.C. Cir. 2025) (the "Decision").  In the Decision, the Court did require TSA to "submit a periodic status report every 60 days apprising the court of its progress" towards promulgating a new rule (or advising the Court that a rule is no longer needed). *Id.* at 54.

Following the Decision, the Airport Petitioners moved for panel rehearing, requesting that this Court impose a 180-day deadline for TSA's completion of an APA-compliant rulemaking process.  (Dkt. 2139235).  The Court denied the

---

[1] One of the Airport Petitioners, the City and Borough of Juneau, has determined that it will not participate in this Renewed Motion.

motion. (Dkt. 2139235). TSA subsequently filed two status reports on its rulemaking process, on October 30, 2025 and December 22, 2025. (Dkt. 2143157, 2151537). Because those status reports showed no progress by TSA on the Court-ordered rulemaking, the Airport Petitioners filed a Motion for Immediate Issuance of the Mandate on December 31, 2025. (Dkt. 2152457). The Court denied the motion. (Dkt. 2153875).

Since then, TSA has filed two additional status reports, on February 20, 2026 and April 21, 2026. (Dkt. 2160277, 2169685). The status reports, which are nearly identical, say only that TSA is "draft[ing] the preamble for the notice of proposed rulemaking as well as the regulatory text," and is "evaluating ancillary policy decisions regarding how to frame the requirements in the rule." These reports do not describe how much progress TSA has made drafting the text of the rule or "evaluating [unidentified] ancillary policy decisions," and do not include any milestones or deadlines for the rulemaking process (*e.g.* deadlines for internal drafting and agency approvals, publication of a Notice of Proposed Rulemaking in the Federal Register, public comment and review period, or anticipated publication date). In short, TSA has provided no information about what it has done, what it plans to do, and how long this process will take.

The Court issued its Decision vacating the National Amendment and ordering TSA to complete APA-compliant rulemaking over *eight months ago*.

2

During that time, the Airport Petitioners and the airport industry in general have continued to incur the costs identified in the record and liability risks associated with the now-vacated National Amendment. *See* Petition for Panel Rehearing (Dkt. 2139235), at 3-4. Meanwhile, TSA has provided no timeline for the rulemaking process or information about its progress besides vague assurances that the agency is working on it. TSA has previously blamed lapses in appropriations for its inaction, but TSA has pursued other priorities despite such lapses.[2] TSA's continuing failure to demonstrate substantial progress on APA-compliant rulemaking for aviation worker screening suggests that TSA is not acting diligently to comply with the Decision, but instead is content to leave airport operators to bear the costs and liabilities of TSA's unlawful rule.

TSA's lack of diligence is fundamentally unfair to Airport Petitioners and the airport industry as a whole and is contrary to this Court's precedents.[3] To

---

[2] For example, last month TSA published a final rule regarding reforms to its regulatory processes. *See* Administrative Rulemaking, Guidance, and Enforcement Procedures, 91 FR 22431 (April 27, 2026). TSA also continues to implement security directives and proposed amendments to security plans at airports nationwide (the Airport Petitioners have not included examples of such documents, because they are designated Sensitive Security Information).

[3] As noted in the Airport Petitioners' Motion for Panel Rehearing, (Dkt. 2139235) at 8-13, this Court's precedents do not support withholding a vacatur mandate indefinitely. *E.g.*, *Cboe Futures Exch., LLC v. Exch. Comm'n*, 77 F.4th 971, 982 (D.C. Cir. 2023) (withholding mandate for three months); *Chamber of Commerce of U.S. v. S.E.C.*, 443 F.3d 890, 909 (D.C. Cir. 2006) (withholding mandate for 90 days); *Hazardous Waste Treatment Council v. U.S. E.P.A.*, 886 F.2d 355, 371 (D.C. Cir. 1989) (90 days); *Nat'l Coal. Against the Misuse of Pesticides v. Thomas*,

ensure prompt compliance with its Decision, the Court should immediately issue the Mandate or, in the alternative, set a deadline not to exceed 120-days for TSA either to publish a Notice of Proposed Rulemaking or to inform the court that TSA no longer considers it necessary to promulgate a rule.  This would give the TSA another 120 days (on top of the past eight months) to publish a Notice of Proposed Rulemaking, which would result in publication of a proposed rule slightly more than a year after this Court's Decision vacating the National Amendment.

For the foregoing reasons, the Airport Petitioners respectfully request that this Court immediately issue the Mandate or, in the alternative, enter an order setting a deadline not to exceed 120-days for TSA either to publish a Notice of Proposed Rulemaking or to inform the court that TSA no longer considers it necessary to promulgate a rule.

<div style="margin-left:50%">

The City of Billings *et al.*,

By their attorneys,

/s/   *Melissa C. Allison*
Melissa C. Allison
  mallison@andersonkreiger.com
David S. Mackey

</div>

---

809 F.2d 875, 884-85 (D.C. Cir. 1987) (30 days); *Independent U.S. Tanker Owners Comm. v. Dole*, 809 F.2d 847, 855 (D.C. Cir. 1987) (six months); *Simmons* v. *ICC*, 757 F.2d 296 (D.C. Cir. 1985) (90 days); *Rodway v. U.S. Department of Agric.*, 514 F.2d 809, 817-18 (D.C. Cir. 1975) (120 days).  This Court's longest period for withholding a vacatur mandate based on violation of the APA is one year, and that extended period was the result of a joint motion by the parties.  *Marin Audubon Society v. FAA*, 129 F.4th 869, 872-73 (D.C. Cir. 2025).

dmackey@andersonkreiger.com
Carlos R. Rosende
  crosende@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
T: 617.621-6531

May 11, 2026

## CERTIFICATE OF COMPLIANCE

1.      This Motion complies with the length requirements of Federal Rule of Appellate Procedure 40, because the Petition contains 1,002 words, as determined by the word-count function of Microsoft Word 365, and is less than 15 pages in length; and

2.      This Petition complies with the typeface requirements of the Federal Rules of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Petition has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

Dated:  May 11, 2026                          /s/   *Melissa C. Allison*
                                                        Melissa C. Allison

# CERTIFICATE OF SERVICE

I hereby certify on May 11, 2026,  I caused a true and correct copy of this

Petition to be served on Respondents by Email.

<div style="text-align:right">

*/s/   Melissa C. Allison*
Melissa C. Allison

</div>

May 11, 2026